```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

KENNETH STEAD,                       :
                                     :
     Plaintiff,                      :
                                     :
     v.                              :   CASE NO. 3:15cv189(DFM)
                                     :
CAROLYN W. COLVIN, ACTING            :
COMMISSIONER OF SOCIAL SECURITY,     :
                                     :
     Defendant.                      :
```

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

Plaintiff, Kenneth Stead, brought this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income. Plaintiff's counsel filed a motion to reverse the decision of the Commissioner and an accompanying memorandum of law on June 16, 2015. (Doc. #7.)  Thereafter, on October 14, 2015, the parties agreed to remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. #20.)  The court entered judgment for plaintiff. (Doc. #22.)

Pending before the court is plaintiff's application for an award of attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Doc. #23.)  Plaintiff's counsel seeks fees for 48.5 hours, plus 2.05 paralegal hours,[1]

---

[1] In her application for an award of attorney fees and expenses (doc. #23), plaintiff's counsel requested attorney fees

for a total of $9,746.61. She also seeks costs in the amount of $51.75. The Commissioner opposes the application, arguing that the fee request is excessive. (Doc. #24.) For the following reasons, plaintiff's application is GRANTED IN PART.

I.  Legal Standard

Under the EAJA, "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002); see 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . .").

EAJA fees are determined by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). A fee applicant "bears the burden of . . . documenting the appropriate hours expended . . . ." Id. at 437.

---

for 46.95 hours, plus 2.05 paralegal hours, for a total of $9,442.65, plus costs in the amount of $51.75. In her reply brief, she seeks compensation for an additional 1.55 hours for reviewing the Commissioner's opposition (0.10 hours), researching and drafting the reply brief (1.05 hours), and communicating with opposing counsel about the pending motion (0.40 hours). (Doc. #25.) The revised request of 48.5 hours and 2.05 paralegal hours totals $9,746.61, plus costs in the amount of $51.75.

2

"Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." Perdue v. Kenny A., 559 U.S. 542, 558, 130 S.Ct. 1662 (2010). "This Court has a duty to review plaintiff's itemized statement to determine the reasonableness of the hours requested and to exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" Lee v. Astrue, No. 3:09CV1575 (CSH)(JGM), 2011 WL 781108, at *4 (D. Conn. Feb. 28, 2011) (quoting Hensley, 461 U.S. at 433-34).

## II. Discussion

Plaintiff's counsel seeks reimbursement for 48.5 hours, plus 2.05 paralegal hours. The Commissioner does not contest plaintiff's status as a prevailing party, or the hourly rates used by counsel. The Commissioner argues only that the hours sought are excessive. For the following reasons, I agree that some reduction of time is justified.

### A. Reasonableness of Fee Request

When determining the reasonableness of a fee request, the "[r]elevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." Rodriguez v. Astrue, No. 3:08CV00154 (JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) (citations and internal quotation marks omitted). "[C]ourts throughout the Second

3

Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute."[2] Arel v. Colvin, No. 3:14CV1008 (JGM), 2015 WL 4429263, at *2 (D. Conn. July 20, 2015).

Here, the transcript was over a thousand pages and plaintiff submitted a thorough, forty-one page brief. Although lengthy, the size of this administrative record is not unusual, nor is it unduly burdensome considering counsel's familiarity with the underlying administrative proceedings. Additionally, a review of submissions filed by plaintiff's counsel in other cases reveals that portions of the brief in this case, such as legal standards and supporting case law, appear to be form language substantially the same as prior motions. Compare, e.g., West v. Colvin, No. 3:14CV852(AVC), Doc. #13-1 at 23-24, and Dupuy v. Colvin, No. 3:14CV1430(SALM), Doc. #13-1 at 21-22, with Stead, Doc. #12-1 at 16-17. While this practice is not uncommon, it tends to show that the factual and legal issues involved are not overly complex or novel, particularly given plaintiff's counsel's extensive experience in this area of the law. Considering these factors, after a careful examination of

---

[2] "Notably, the case law finding that twenty to forty hours represents an average necessary investment of time pre-dates the adoption in this District of a new practice requiring the plaintiff to provide a detailed medical chronology, with citations to the record, in the motion for remand." Dupuy v. Colvin, No. 3:14CV01430 (SALM), 2015 WL 5304181, at *2 (D. Conn. Sept. 9, 2015).

entries on the time sheets, a small reduction in time is warranted.

    B. Clerical Tasks

The Commissioner takes issue with a number of billings for tasks involving review of court filings and return receipts, which it argues are not compensable under the EAJA. Hours spent performing clerical tasks such as filing the complaint and receiving return of service are not compensable under the EAJA. Hosking v. Astrue, No. 3:10CV0065 (MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010) (citations omitted); Cobb v. Astrue, No. 3:08CV1130 (MRK)(WIG), 2009 WL 2940205, at *2 (D. Conn. Sept. 2, 2009). Albeit minimal, I must deduct the 0.20 attorney hours and 0.20 paralegal hours expended on these tasks.

Unlike clerical tasks such as filing the complaint, the time charged for counsel's review of ECF notices is appropriate. "[W]ith electronic filing, ECF notices have taken the place of pleadings . . . [and] the review of pleadings has always been work performed by counsel," so the time spent reviewing electronic filing notices should be compensable. Rivera v. Astrue, No. 3:07CV1049 (SRU)(WIG), 2009 WL 2982647, at *3 (D. Conn. Jun. 18, 2009). Accordingly, the 1.60 hours counsel billed for reviewing court notices should not be reduced.

C. Research

The Commissioner challenges the time plaintiff's counsel spent researching what it argues are routine issues in social security cases. The Commissioner contends not only that this case is not novel, unusually complex, or otherwise time consuming, but that plaintiff's counsel is well-versed and familiar with social security law.

A review of counsel's detailed time records reveals that some entries for researching case law are repetitive and excessive. For example, on June 3, 2015, counsel made two entries (0.90 and 1.20 hours) for researching case law cited by the Administrative Law Judge regarding "checklist forms." On June 8, 2015, she billed another 0.20 hours for researching the same issue. Notably, she spent only 0.20 hours drafting an argument on checklist forms. Reviewing these and other similar entries, it is appropriate to reduce the fee award by an additional 5.25 hours.

III. Conclusion

For the reasons set forth above, plaintiff's counsel is awarded fees for 43.05 hours, billed at a rate of $196.10 per hour, for a total of $8,442.11. The total paralegal hours are 1.85, billed at a rate of $115 per hour, for a total of $212.75.

Attorney fees are awarded in the amount of $8,654.86, plus costs in the amount of $51.75, for a total award of **$8,706.61.**

The fee award should be paid by the agency, see 28 U.S.C. § 2412(d)(4), subject to offset to satisfy any preexisting debt owed to the government.

This is not a recommended ruling because the parties consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  See Rodriguez v. Astrue, No. 3:11cv0459 (MRK)(WIG), 2012 WL 3744700, at *1 (D. Conn. Aug. 28, 2012).

SO ORDERED at Hartford, Connecticut this 29th day of January, 2016.

```
         /s/_____
         Donna F. Martinez
         United States Magistrate Judge
```